IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| INSTITUTE FOR FREE SPEECH, a nonprofit corporation and public interest law firm, | |
| Plaintiff, | |
| v. | Cause No. _____ |
| J.R. JOHNSON, in his official and individual capacities as Executive Director of the Texas Ethics Commission; MARY KENNEDY, CHRIS FLOOD, and RICHARD SCHMIDT in their official capacities as commissioners of the Texas Ethics Commission; and RANDALL ERBEN, CHAD CRAYCRAFT, PATRICK MIZELL, JOSEPH SLOVACEK, and STEVEN WOLENS, in their individual and official capacities as commissioners of the Texas Ethics Commission; | COMPLAINT |
| Defendants. | |

INTRODUCTION

The American legal profession has a storied history of providing free legal services to those in need. Today, the Preamble of the Texas Disciplinary Rules of Professional Conduct enshrines this ethos, providing that "A lawyer should render public interest legal service. . . . A lawyer may discharge this basic responsibility by

1

providing public interest legal services without fee, or at a substantially reduced fee, in one or more of the following areas: . . . civil rights law, public rights law. . . ." TEXAS DISCIP. R. OF PROF. CONDUCT, *Preamble: A Lawyer's Responsibilities,* at 4 (Effective Jan. 31, 2022), https://perma.cc/8AT7-EG32 (last visited July 24, 2023); *see also* STATE BAR OF TEXAS, Pro bono *Texas Campaign,* https://perma.cc/A27J-HAE7 (last visited July 24, 2023) ("The State Bar of Texas is committed to fostering a culture of pro bono service in our state"). But the need for free services outstrips their availability.

And sometimes the government itself fuels this shortage.

The Institute for Free Speech ("IFS") is a non-profit corporation that provides pro bono legal services to persons who litigate against the government in order to vindicate and expand First Amendment rights, in particular the right to political expression.

Chris Woolsey is a candidate and elected official in Corsicana, Texas, who would like to challenge a Texas law that compels speech. The Texas Anti-Communist League is a Tarrant County, Texas, political action committee that would like to do the same. Both would like to accept free legal services from IFS to mount their legal challenges, but the Texas Ethics Commission ("Commission" or "TEC") and Texas state law prevent IFS from associating with Woolsey and the League for the purposes of pro bono litigation against the government.

2

The Texas Election Code subjects corporations to civil liability and criminal penalties for making contributions to a candidate or political committee. The Commission has interpreted those restrictions to apply to the provision of pro bono legal services by a corporation to a candidate or political committee, effectively barring such services even for the purpose of mounting a civil rights challenge to the interpretation or constitutionality of a Texas law or regulation.

Such a regulatory regime runs afoul of the First Amendment and the Supremacy Clause. This court should hold that the application of the Texas Election Code is unconstitutionally void and unenforceable as-applied to a corporation's provision of pro bono legal services and is also facially overbroad.

JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, because this case presents questions of federal law arising under the U.S. Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The TEC's Executive Director and Commissioners perform their official duties throughout Texas, including in this district. But for the Commission's regulatory regime, IFS would legally represent potential clients located in Tarrant County and Navarro County, both of which are counties within this district. IFS's associational, petition, and speech rights are burdened within this district and the effects of the

Commission's regulatory regime are experienced within this district, including in Tarrant County.

PARTIES

3.    Plaintiff IFS is a nonprofit, tax-exempt organization under Section 501(c)(3) of the Internal Revenue Code.

4.    IFS's mission is to promote and defend the political rights to free speech, press, assembly, and petition guaranteed by the First Amendment through strategic litigation, communication, activism, training, research, and education. As such, IFS takes on legal cases that impact free speech rights. IFS only takes cases on a pro bono basis.

5.    Defendant J.R. Johnson is sued in his official and individual capacities as the Executive Director of the Commission. Pursuant to Tex. Gov't Code § 571.001 et seq., he has such duties and powers to administer the Commission's functions. Defendant Johnson briefed the Commission on the proposal that became Ethics Advisory Opinion No. 580, which burdens IFS's free speech rights.

6.    Defendants Mary Kennedy, Chris Flood, and Richard Schmidt are sued in their official capacities as TEC commissioners. Pursuant to Texas Government Code § 571.171(a), the Commission may initiate civil enforcement actions and refer matters for criminal prosecution. *See also* Tex. Gov't Code § 571.061(a)(3). The Commission issued Ethics Advisory Opinion No. 580, which burdens IFS's free

speech rights, although Defendants Kennedy, Flood, and Schmidt voted "no" on the advisory opinion.

7.     Defendants Randall Erben, Chad Craycraft, Patrick Mizell, Joseph Slovacek, and Steven Wolens are sued in their individual and official capacities as TEC commissioners. The Commission issued Ethics Advisory Opinion No. 580, which burdens IFS's free speech rights and these defendants voted in favor of that advisory opinion.

FACTS AND BACKGROUND

*Texas prohibits corporations from providing in-kind contributions*

8.     The TEC, acting through its Executive Director and Commissioners, is the state agency that is responsible for enforcing the Texas Election Code, including the provisions concerning political contributions and expenditures, and political advertising.

9.     Tex. Elec. Code § 253.094 prohibits corporations from making political contributions to candidates and political committees.

10.     A "contribution" is defined as any "transfer of money, goods, services, or any other thing of value." Tex. Elec. Code § 251.001(2). "In-kind contributions," meaning goods or services or any other thing that is not money, are also prohibited. *Id.* § 251.001(21).

12.     Such a violation is a felony offense of the third degree. *Id.* § 253.094(a). The state may also collect civil damages "in the amount of triple the value of the unlawful contribution or expenditure." *Id.* § 253.133.

*IFS's foregone opportunities to provide pro bono legal services in Texas*

13.     On multiple occasions, IFS has foregone legally representing a candidate or political committee in Texas due to concern that it could be prosecuted under the Texas Election Code for providing an in-kind contribution in the form of pro bono legal services.

14.     Because IFS is a nonprofit corporation, IFS was concerned that it might run afoul of Texas's corporate contribution ban if IFS represented a candidate or political committee.

15.     IFS decided to seek clarification from the Commission by requesting an advisory opinion.

16.     In the meantime, IFS refrained from representing candidates or political committees in Texas.

*IFS requests an advisory opinion*

17.     On January 18, 2022, IFS submitted a letter to the Commission requesting an advisory opinion to resolve whether pro bono legal services provided to a candidate or political committee for the purpose of challenging the

interpretation or constitutionality of a Texas law or regulation in court constitutes a "contribution" barred by section 253.094 of the Texas Election Code.

18.    In its letter, IFS argued that: (1) the described pro bono legal services are not an in-kind contribution and therefore not a "contribution" or a "political contribution;" (2) the described pro bono legal services are not a "campaign contribution;" and (3) an interpretation of the statute that would bar provision of pro bono legal services in such matters would render the prohibition unconstitutional.

19.    On May 12, 2022, the Commission issued Draft Advisory Opinion No. AOR-660 ("AOR-660"), which is attached as Exhibit 1. The draft opinion interpreted pro bono legal services as an "in-kind contribution" subject to the Texas Election Code because such services would be used in connection with a campaign. Under that interpretation, pro bono legal services would be prohibited under Tex. Elec. Code § 253.094.

20.    At the Commission Meeting on the same day, the Commission discussed the reasoning of AOR-660. IFS President David Keating encouraged the Commission to set the draft aside for public comment, noting that the draft would prove to be controversial nationwide. IFS President Keating further argued that the Commission's draft also limits charitable organizations, such as IFS, from offering their services to those with limited resources and effectively bars IFS's attorneys

from the courthouse doors. The Commission decided to postpone adoption of AOR-660 in order to receive public comment.

21.     On September 26, 2022, the Institute for Justice and American Civil Liberties Union of Texas ("ACLU"), two other nonprofit corporations who engage in pro bono litigation, submitted letters (attached as Exhibits 2 and 3) arguing that the draft opinion violates the First Amendment. Both organizations maintained that the Commission's draft opinion, if adopted, would limit access to legal advocacy against civil rights violations.

22.     At its September 29, 2022 meeting, the Commission issued a revised draft of AOR-660. Executive Director Johnson noted that the revised draft removed all discussion of federal law. He also discussed at length the reasons for reaching the draft opinion's conclusions.

23.     Executive Director Johnson argued that the concerns over First Amendment violations were inapplicable, because the cited cases focus on the restrictions of the practice of law, not on campaign finance.

24.     IFS President Keating again commented on AOR-660, advising against adopting the draft. At Commissioner Mizell's request, the Commission moved to postpone the adoption of AOR-660 until the next meeting.

25.     At its December 14, 2022 meeting, the Commission again introduced the revised draft of AOR-660.

26.     IFS President Keating and a representative of the ACLU of Texas advocated against adoption of the Commission's revised draft.

27.     By a 5-3 vote, the Commission adopted and published AOR-660 in its final form, titled Ethics Advisory Opinion No. 580 ("EAO No. 580" or "Opinion"), a copy of which is attached as Exhibit 4. Chair Kennedy and Commissioners Flood and Schmidt voted "no." All other commissioners voted for the Opinion.

28.     The Opinion's summary reads:

> Section 253.094 of the Texas Election Code prohibits corporations from making political contributions to candidates and political committees. Legal services provided without charge to candidates or political committees are in-kind contributions. When those services are given with the intent that they be used in connection with a campaign, they are in-kind campaign contributions. The described legal services would be used in connection with a campaign because the requestor's standing to pursue such a challenge would depend on its client's status as a candidate or political committee subject to the laws administered and enforced by the Commission.

29.     Other than filing this lawsuit, IFS has taken no further action on the Opinion, nor has it represented a candidate or political committee in Texas.

*Candidate Chris Woolsey*

30.     Chris Woolsey is an elected city council member in Corsicana, Texas, which is a city located in Navarro County.

31.     Woolsey intends to run for re-election for his current seat and intends to begin soliciting money for that purpose in the near future.

9

32.     Woolsey is a "candidate" under the Texas Election Code, § 251.011(1).

33.     Tex. Elec. Code § 259.001(a) requires that any political advertising sign designed to be seen from a road, other than a bumper sticker, must bear the government's warning message: "NOTICE: IT IS A VIOLATION OF STATE LAW (CHAPTERS 392 AND 393, TRANSPORTATION CODE), TO PLACE THIS SIGN IN THE RIGHT-OF-WAY OF A HIGHWAY."

34.     When he runs for re-election, or if he chooses to run for a different elected office in Texas, Woolsey intends to print and post political advertising signs in support of his candidacy.

35.     In so doing, he would be required to print the government's message on any political advertising sign in support of his election campaign.

36.     Failing to speak the government's required message on his signs, or even entering into a contract to print or make such signs, would subject Woolsey to possible criminal prosecution for a Class C misdemeanor offense.

37.     Woolsey would like to mount a legal challenge to Tex. Elec. Code § 259.001(a) as compelled speech, in violation of the First Amendment, but he lacks the financial means to hire a private attorney to mount such a legal challenge.

38.     If IFS offered Woolsey pro bono legal representation to challenge Tex. Elec. Code § 259.001(a) as compelled speech in violation of the First Amendment, he would gladly accept such representation.

10

*The Texas Anti-Communist League*

39.     The Texas Anti-Communist League is a political action committee, registered as a General Purpose Committee (GPAC) in Texas since May 6, 2022.

40.     The League's committee name is "Texas Anti-Communist League PAC" with a committee address in Fort Worth, Texas.

41.     Cary Cheshire is the League's principal and treasurer. Mr. Cheshire's registered street address is in Benbrook, Texas and his mailing address is in Fort Worth. Both cities are located in Tarrant County.

42.     The Texas Anti-Communist League is a "political committee" pursuant to Tex. Elec. Code § 251.001(12), and a "general-purpose committee" as defined by Tex. Elec. Code § 251.001(14).

43.     The League has not yet made any "political contribution," "campaign expenditure," "direct campaign expenditure" or "political expenditure" as defined by Tex. Elec. Code § 251.001(5), (7), (8), or (10), but it would like to be active in future primary or general elections in Texas in order to support candidates or measures that promote its mission of opposing the spread of communism, Marxism, or affiliated ideologies in Texas institutions.

44.     In promoting its mission, the League would like to be able to enter into a contract to print or make political advertising signs that do not bear the government's message, as currently required by Tex. Elec. Code § 259.001(a).

11

45.     As a result, the League would like to mount a legal challenge to Tex. Elec. Code § 259.001(a), as compelling speech, in violation of the First Amendment, but the League lacks sufficient funds to pay for legal representation for such a lawsuit.

46.     If IFS offered the League pro bono legal representation to challenge Tex. Elec. Code § 259.001(a), as compelled speech in violation of the First Amendment, the League would gladly accept such representation.

*IFS wants to represent Chris Woolsey or the Texas Anti-Communist League in a pro bono lawsuit*

47.     Challenging compelled speech, especially restrictions related to political speech, fits with IFS's mission and history of challenging other political speech restrictions.

48.     IFS would like to represent Chris Woolsey and the Texas Anti-Communist League in a pro bono legal challenge to Tex. Elec. Code § 259.001(a), as compelled speech in violation of the First Amendment.

49.     IFS would also potentially like to represent other Texans, including other candidates or political committees, on a pro bono basis, in order to challenge other state-law restrictions on the right to speak or associate for political purposes, if such a lawsuit fits with IFS's mission.

50.     Due to the Commission's regulatory regime, including in particular Tex. Elec. Code § 253.094 and the Commission's Opinion, IFS has refrained from offering or providing any pro bono legal services to either Woolsey or the League, because the provision of such services would expose IFS, and its attorneys, to criminal and civil liability under the Texas Election Code.

51.     The Commission's regulatory regime prevents IFS from representing Woolsey and the League in a pro bono legal challenge to Tex. Election Code Section § 259.001(a).

CLAIM FOR RELIEF I
RIGHTS OF FREE SPEECH AND ASSOCIATION,
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS-APPLIED CHALLENGE TO TEXAS ELECTION CODE § 253.094, AND THE COMMISSION'S
ETHICS ADVISORY OPINION NO. 580

52.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51.

53.     Americans have the right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion.

54.     Long ago, the Supreme Court recognized that the First Amendment rights of speech and association protect the right to solicit pro bono clients and advocate for the civil rights of those clients in our courts, without burdensome interference by state authorities. *NAACP v. Button*, 371 U.S. 415 (1963).

13

55.    Section 253.094 of the Texas Election Code and EAO No. 580 effectively prohibit IFS from representing Chris Woolsey, the League, or any other Texas candidates or PACs, thereby preventing IFS from associating or speaking for the purpose of challenging state-law speech restrictions on a pro bono basis.

56.    The Commission's interpretation of Tex. Elec. Code § 253.094, including EAO No. 580, is unconstitutional as-applied to IFS, or any other legal service provider in corporate form, because it chills IFS's rights of speech and association with Texas candidates or political committees for the purposes of pro bono litigation against the government.

57.    The Commission's regulatory regime burdens not only IFS's rights, but those of other corporations that engage in pro bono legal advocacy, including the Institute for Justice and the ACLU of Texas.

58.    By threatening to enforce Tex. Elec. Code § 253.094 and EAO No. 580 against IFS, Defendants, under color of law, deprive Plaintiff and its donors of the rights of free speech and association in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiff is thus damaged in violation of 42 U.S.C. § 1983, and is therefore entitled to damages; declaratory as well as permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

14

CLAIM FOR RELIEF II
RIGHT TO PETITION,
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS-APPLIED CHALLENGE TO TEXAS ELECTION CODE § 253.094, AND THE COMMISSION'S
ETHICS ADVISORY OPINION NO. 580

59.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51.

60.     The First Amendment guarantees the right to petition the government for a redress of grievances, which includes the right of access to the courts.

61.     The Commission, Tex. Elec. Code § 253.094 and EAO No. 580, prevent IFS, and any other legal-service provider organized in corporate form, from providing pro bono legal services for mounting Section 1983 lawsuits against the government, thereby unconstitutionally restricting the right to petition the government for a redress of grievances by way of access to the courts.

62.     By threatening to enforce Tex. Elec. Code § 253.094 and EAO No. 580 against IFS, Defendants, under color of law, deprive Plaintiff and its donors of the right to petition in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiff is thus damaged in violation of 42 U.S.C. § 1983, and is therefore entitled to damages; declaratory as well as permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

CLAIM FOR RELIEF III
OVERBREADTH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TEXAS ELECTION CODE § 253.094, AND THE COMMISSION'S
ETHICS ADVISORY OPINION NO. 580

63.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51.

64.     The First and Fourteenth Amendment prohibit the enforcement of overbroad laws that would punish protected speech.

65.     Tex. Elec. Code § 253.094 and EAO No. 580 are overbroad, sweeping in protected political and legal speech, including the right of corporate legal-service providers to speak in the form of pro bono civil rights litigation against the government.

66.     Texas's regulatory regime constitutes a substantial burden on protected speech, one that is disproportionate to its legitimate sweep.

67.     Under Texas's regulatory regime, corporate legal-service providers, including not just IFS, but also other corporations, such as the Institute for Free Speech and the ACLU of Texas, are prevented from speaking and associating for the purposes of engaging in civil-rights litigation against the government.

68.     By enforcing Tex. Elec. Code § 253.094 and EAO No. 580, under color of law, deprive Plaintiff, and other corporate legal-service providers, of the right to free speech in violation of the First and Fourteenth Amendments to the

16

United States Constitution. Accordingly, Plaintiff is damaged in violation of 42

U.S.C. § 1983, and, therefore, is entitled to nominal damages; declaratory and

permanent injunctive relief against continued enforcement and maintenance of

Defendants' unconstitutional customs, policies and practices; and attorney fees and

expenses pursuant to 42 U.S.C. § 1988.

CLAIM FOR RELIEF IV
FEDERAL PREEMPTION UNDER THE SUPREMACY CLAUSE,
U.S. CONST. ART. VI, CL. 2,
42 U.S.C. § 1983

69.     Plaintiff realleges and incorporates by reference paragraphs 1 through

51.

70.     Federal law is the supreme law of the land. U.S. CONST. ART. VI, CL. 2.

71.     42 U.S.C. § 1983 was enacted to ensure Americans an avenue to

vindicate their constitutional rights against violations by state and local officials,

providing that: "Every person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State or Territory or the District of Columbia,

subjects, or causes to be subjected, any citizen of the United States or other person

within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for

redress . . . ."

17

72.    A state law that operates to insulate or immunize state officials from section 1983 liability is invalid because it frustrates Congress's goal of providing a remedy for constitutional violations.

73.    The Commission, Tex. Elec. Code § 253.094 and EAO No. 580, prevent IFS, or any other legal-service provider organized in corporate form, from providing pro bono legal services for mounting Section 1983 lawsuits against the government, thereby operating to insulate and immunize state officials from such litigation and frustrate the text and purpose of 42 U.S.C. § 1983.

74.    42 U.S.C. § 1983 preempts Tex. Elec. Code § 253.094 and EAO No. 580 to the extent that it bars corporate legal-service providers from filing federal-civil-rights claims on behalf of Texas candidates or political committees.

75.    By threatening to enforce Tex. Elec. Code § 253.094 and EAO No. 580 against IFS, Defendants, under color of law, deprive Plaintiff of its rights under 42 U.S.C. § 1983 and the Supremacy Clause of the United States Constitution. Plaintiff is thus damaged in violation of 42 U.S.C. § 1983, and is therefore entitled to damages; declaratory as well as preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

18

PRAYER FOR RELIEF

WHEREFORE, Plaintiff IFS prays for judgment as follows:

A.    An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing any part of Tex. Elec. Code § 253.094 or EAO No. 580 against IFS, or any other corporate legal-service provider, for providing pro bono legal services to Chris Woolsey, the League, or any other Texas candidate or political committee for the purposes of pro bono litigation against the government;

B.    An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing any part of Tex. Elec. Code § 253.094 or EAO No. 580 against any person as facially overbroad;

C.    Declaratory relief consistent with the injunctions, to the effect that the that the provisions of Tex. Elec. Code § 253.094 and EAO No. 580 are unconstitutionally void and unenforceable as-applied to any corporation's provision of pro bono legal services, are facially overbroad, that they violate the First and Fourteenth Amendments' rights of free speech, association, and to petition the government, and the Supremacy Clause;

19

D.     Nominal damages of $17.91 each against the individual-capacity defendants;

E.     Costs of suit;

F.     Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

G.     Any other relief as the Court deems just and appropriate.

Respectfully submitted,              Dated: August 2, 2023

  *s/Endel Kolde*                   *s/Tony McDonald*
Endel Kolde                        Tony McDonald
Washington Bar No.25155         Texas Bar No. 24083477
Courtney Corbello                 Connor Ellington
Texas Bar No. 24097533          Texas Bar No. 24128529
INSTITUTE FOR FREE SPEECH     LAW OFFICES OF TONY MCDONALD
1150 Connecticut Ave., NW        1308 Ranchers Legacy Trl
Suite 801                           Fort Worth, TX 76126
Washington, D.C. 20036           Tel: (512) 200-3608
Tel: (202) 301-1664               Fax: (815) 550-1292
Fax: (202) 301-3399               tony@tonymcdonald.com
dkolde@ifs.org                    connor@tonymcdonald.com
ccorbello@ifs.org

*Attorneys for IFS*