CONFIDENTIAL AND PRIVILEGED ATTORNEY/CLIENT COMMUNICATION

# ETHICS ADVISORY OPINION NO. ___

[DATE]

### ISSUE

*Whether a corporation subject to section 253.094 of the Texas Election Code may provide pro bono legal services to candidates or political committees in Texas for the purpose of challenging in court the interpretation or constitutionality of a Texas law or regulation subject to the jurisdiction of the Texas Ethics Commission.* **(AOR-660)**

### SUMMARY

No. Section 253.094 of the Texas Election Code prohibits corporations from making political contributions to candidates and political committees. Legal services provided without charge to candidates or political committees are in-kind contributions. When those services are given with the intent that they be used in connection with a campaign, they are in-kind campaign contributions. The described legal services would be used in connection with a campaign because the requestor's standing to pursue such a challenge would depend on its client's status as a candidate or political committee subject to the laws administered and enforced by the Commission.

### FACTS

The requestor, a nonprofit, tax-exempt corporation under Section 501(c)(3) of the Internal Revenue Code, requests an opinion regarding the application of Texas law to the provision of pro bono legal services to candidates or political committees in Texas for the purpose of challenging in court the interpretation or constitutionality of a Texas law or regulation subject to the jurisdiction of the Texas Ethics Commission (the "Commission"). Specifically, the requestor asks whether its proposed provision of pro bono legal services to candidates or political committees constitutes a "political contribution," "contribution," "campaign contribution," or "officeholder contribution" as those terms are defined by Texas law.

The requestor says that it represents "citizens, nonprofit organizations, and candidates in litigation around the country." It does not accept fees from its clients. However, it employs staff attorneys, pays other fees and costs in connection with the litigation, and often retains outside counsel on behalf of its clients.

**Exhibit 1**

CONFIDENTIAL AND PRIVILEGED ATTORNEY/CLIENT COMMUNICATION

## ANALYSIS

Pro-bono legal services provided to a candidate or political committee are in-kind contributions.

The Election Code defines a "contribution" as any "transfer of money, goods, services, or any other thing of value." Tex. Elec. Code § 251.001(2). Contributions need not be monetary; they can take the form of in-kind goods or services paid for by contributors. *Id*. at §§ 251.001(2); 251.001(21) (defining "in-kind contribution").

The requestor contends that its pro bono legal services are not in-kind contributions because of Commission rule 20.66, which says that a "discount to a candidate, officeholder or political committee" is not an in-kind contribution if "the terms of the transaction reflect the usual and normal practice of the industry and are typical of the terms that are offered to political and non-political persons alike." See 1 Tex. Admin. Code § 20.66. But the requestor arrives at that conclusion by too-narrowly defining the "industry" in which it operates to include only those legal service providers who do not charge their clients. In our opinion, the relevant industry here is the legal services industry, not the nonprofits-that-offer-pro-bono-legal-services-for-public-interest-litigation industry. The legal services provided by the requestor have a value, even if the requestor does not charge for them. The requestor's staff attorneys are paid for their time, and the requestor says it often retains outside counsel and pays fees or other costs in connection with the litigation. These are in-kind contributions. *See Id*. at § 20.1(19).

Pro-bono legal services provided to a candidate or political committee are in-kind campaign contributions if they are given with the intent that they be used "in connection with" a campaign.

Texas does not prohibit corporations from making any contributions, only "political contributions," which includes "campaign contributions." Tex. Elec. Code § 253.094 (prohibiting corporations from making political contributions); *Id*. at § 251.001(5) (defining political contribution). A "campaign contribution" is any "contribution to a candidate or political committee that is offered or given with the intent that it be used in connection with a campaign for elective office or on a measure." *Id*. § 251.001(3).

The Supreme Court of Texas has determined that the phrase "in connection with" is an expansive term that is satisfied even by "indirect, 'tenuous,' or 'remote' relationships." *Cavin v. Abbott*, 545 S.W.3d 47, 70 (Tex. App.—Austin 2017, no pet.) (citing *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 901 (Tex. 2017)). The Commission has previously interpreted this phrase to encompass litigation costs not only for lawsuits that are directly related to campaign activity, but also lawsuits that have a more indirect relationship to a person's status as a candidate. *See* Tex. Ethics Comm'n Op. No. 329 (1996) (pro bono legal services for lawsuit brought under section 253.131 of the Election Code); Tex. Ethics Comm'n Op. No. 533 (2015) (pro bono legal services for defending against a defamation lawsuit).

The requestor asserts that Commission rule 20.1(18) limits what "in connection with a campaign" means for purposes of the Election Code's definition of campaign contribution. It does not. Rule 20.1(18) relates to campaign *expenditures*, not campaign contributions. In fact, rule 20.1(18) begs the question of what constitutes a campaign contribution; it does not answer it. 1 Tex. Admin. Code § 20.1(18)(iv) ("[a]n expenditure is made in connection with a campaign

**CONFIDENTIAL AND PRIVILEGED ATTORNEY/CLIENT COMMUNICATION**

for elective office if it is" a "campaign contribution" to a candidate or political committee). The rule clarifies that, for purposes of determining whether an *expenditure* can be regulated as a campaign expenditure, it must either be express advocacy or its functional equivalent as defined by clauses (i) and (ii), or be made directly by a campaign (clause (iii)) or in coordination with a campaign (clause (iv)). *See McConnell v. FEC*, 540 U.S. 93, 193 (2003); *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 478 (2007).

<u>Lawsuits that depend on a plaintiff's status as a candidate or political committee are connected to a campaign.</u>

In addition to the opinions cited above, the Commission's prior opinions on the Election Code's personal-use restriction are also relevant because, like the definition of campaign contribution, the definition of "personal use" depends on what is and is not "connected" to a campaign. Tex. Elec. Code § 253.0035(d) (defining "personal use" as a use that primarily furthers individual or family purposes "not connected with the performance of duties or activities as a candidate for or holder of a public office."). If legal services are "connected with the performance of duties or activities as a candidate for or holder of a public office," then a candidate or officeholder may properly use their political contributions to defray the costs of those services. In our opinion, if legal expenses are "connected with" a campaign for purposes of the personal-use restriction, then they must also be incurred "in connection with" a campaign for purposes of the prohibition on corporate contributions. *Compare* Tex. Elec. Code § 253.035 *with id*. at § 251.001(3).

In interpreting the personal-use restriction, the Commission has taken a broad view of the legal expenses that are connected with a campaign. See Tex. Ethics Comm'n Op. No. 105 (1992) (defending a lawsuit to collect on a campaign loan); Tex. Ethics Comm'n Op. No. 222 (1994) (responding to a grievance filed with the State Bar alleging violations in connection with campaign material); Tex. Ethics Comm'n Op. No. 433 (2001) (defense of charges brought by the Texas State Commission on Judicial Conduct); Tex. Ethics Comm'n Op. No. 498 (2011) (defamation lawsuit brought by former judge in his status as a candidate).

Most relevant to this request, the Commission found that an individual may use political contributions to pay the expenses of responding to a sworn complaint filed with the Texas Ethics Commission. Tex. Ethics Comm'n Op. No. 219 (1994). That would continue to be true even if a candidate or committee challenges the interpretation or constitutionality of the law in response to such a complaint. Such a challenge, when presented as a defense to an alleged violation of law, would be as connected to the campaign as the alleged violation itself.

The requestor says it intends to provide pro bono legal services to candidates or political committees in Texas for the "sole purpose" of challenging in court the interpretation or constitutionality of a Texas law or regulation subject to the jurisdiction of the Texas Ethics Commission. However, courts have no jurisdiction to decide an "abstract question of law without binding the parties" and "remedying an actual or imminent harm." *Tex. Assn. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (considering standing before evaluating the constitutionality of generally applicable laws); *see also, Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). A litigant must have standing to pursue a claim. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it."). Standing "focuses on the question of who

**CONFIDENTIAL AND PRIVILEGED ATTORNEY/CLIENT COMMUNICATION**

may bring an action." *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998). The general test for standing in Texas is whether there is a real controversy between the parties that will actually be determined by the judgment sought. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

In our opinion, if a person's standing to bring a lawsuit depends on his status as a candidate or political committee subject to the laws administered and enforced by the Commission, then the lawsuit is connected with a campaign. This is most obviously true when a candidate or committee presents such a legal challenge in response to the Commission's enforcement of a law under its jurisdiction. *See* Tex. Ethics Comm'n Op. No. 219 (1994) (legal costs of responding to a sworn complaint filed with the Texas Ethics Commission are connected with a campaign). However, it would be equally true if a candidate or committee challenged a law under the Ethics Commission's jurisdiction as a plaintiff under the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code § 37.001 *et. seq.*; *City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011) ("The Declaratory Judgments Act does not enlarge a court's jurisdiction; it is a procedural device for deciding cases already within a court's jurisdiction."); *Stop 'N Go Markets, Inc. v. Exec. Sec. Sys., Inc.*, 556 S.W.2d 836, 837 (Tex. Civ. App.—Houston [14th Dist.] 1977, no writ) (recognizing "[a] justiciable controversy does not exist and an advisory opinion is being sought if a party requests a court to render a declaratory judgment premised upon the happening of a future, hypothetical event").

The requestor argues that it should be permitted to provide the described pro bono legal services in Texas because the Federal Election Commission ("FEC") permits it under federal law. *See*, *e.g.*, FEC Advisory Opinion 1981-35; Matter Under Review ("MUR") 7024.[1] However, the Federal Election Campaign Act ("FECA") defines "contribution" more narrowly than the Texas Election Code. Where FECA requires that a thing of value be provided "for the purpose of influencing" a federal election, the Election Code merely requires that it be intended for use "in connection with a campaign." *Compare* 52 U.S.C. § 30101(8)(A)(i) *with* Tex. Elec. Code § 251.001(3). Moreover, FECA expressly excludes from the definition of contribution the rendering of any services that "are not attributable to activities which *directly further* the election of any designated candidate to Federal office …." 52 U.S.C. § 30101(8)(B)(viii) (emphasis added). The Texas Election Code contains no such carve-out.

The case cited by the requestor turned on these important statutory differences. The FEC emphasized that "the question under the Act is whether the legal services were provided for the purpose of influencing a federal election, not whether they provided a benefit to Van Hollen's campaign." MUR 7024 at 6. The FEC acknowledged that "Van Hollen served as plaintiff 'to guarantee standing under D.C. Circuit law" and that the litigation "could potentially have had an effect on candidates in future elections," but nevertheless held that the legal services had been provided "for the purpose of challenging a rule of general application, not to influence a particular election." *Id*. at 5-8. In short, a legal action that depends on a person's status as a candidate is connected with a campaign even if it does not seek to influence a particular election.

---

[1] https://www.fec.gov/files/legal/murs/7024/17044420371.pdf