UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INSTITUTE FOR FREE SPEECH, § § § *Plaintiff*, § § v. § § JAMES TINLEY, in his official capacity as § Executive Director of the Texas Ethics § Commission, et al., § § *Defendants.* § | No. 1:23-cv-01370-DAE |

### DEFENDANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY

Pursuant to Federal Rule of Civil Procedure 37 and 45, Defendant James Tinley, in his official capacity as the Executive Director of the Texas Ethics Commission (the "Commission"), files this motion to compel compliance by Plaintiff Institute for Free Speech ("IFS") and Non-Parties Christopher Woolsey ("Woolsey") and John Cary Cheshire ("Cheshire") with discovery requests propounded by the Commission.

In support thereof, the Commission respectfully shows as follows:

#### I.  BACKGROUND OF MOTION

This motion seeks compliance with targeted, proportionate discovery relevant to the claims raised by IFS and defenses to those claims. This discovery propounded by the Commission has been directed both to IFS as plaintiff and to the two "potential clients" of IFS at issue in IFS's claims. *See* Dkt. 1 ¶¶ 3, 49.

On September 29, 2025, the Commission served requests for production on IFS. **Exhibit A**. IFS served objections to the requests for production on October 24, 2025, without responding or objecting to individual requests for production. **Exhibit B**.

On September 29, 2025, Defendant served subpoenas duces tecum on Woolsey and Cheshire for depositions and production of discrete categories of documents. **Exhibit C** (Woolsey); **Exhibit D** (Cheshire). Cheshire and Woolsey responded and objected to the subpoenas duces tecum on October 10, 2025. **Exhibit E** (Woolsey); **Exhibit F** (Cheshire). One of the same attorneys who represents IFS served the Woolsey and Cheshire objections. For its part, IFS also objected to the Commission's discovery to Woolsey and Cheshire. **Exhibit G**.

The same attorney who represents IFS indicated in serving the Woolsey and Cheshire objections that he would be in trial on the dates noticed for the Woolsey and Cheshire depositions, but that he is willing to work on scheduling the depositions once the Court gives guidance on whether discovery would be allowed in the case. **Exhibit H**.

This motion is filed because both IFS and the non-parties have made it clear that they will not participate in any discovery in the case unless and until the Court directs them to do so.

This motion is filed after the receipt of IFS's objections to discovery and in anticipation of the scheduled status conference before the Court on October 29, 2025. Dkt. 54.

## II.   ARGUMENT AND AUTHORITIES

**A.   The Commission Has the Right to Conduct Discovery on Plaintiff's Claims.**

As the Court is well aware, under Rule 26(b)(1), discovery encompasses any non-privileged matter relevant to any claim or defense, regardless of whether it would be admissible at trial, so long as it appears reasonably calculated to lead to admissible evidence. FED. R. CIV. P. 26(b)(1). Objections based on proportionality must be supported by specific facts demonstrating undue burden or expense. Generalized assertions of undue burden or expense are insufficient. *Id*.

The Federal Rules obviously authorize subpoenas to non-parties for relevant testimony and documents. FED. R. CIV. P. 45(a)(1)(A)(iii). A court must enforce a subpoena that seeks relevant, non-

2

privileged information and imposes no undue burden, and is authorized to compel compliance when a recipient fails to obey absent adequate excuse.  FED. R. CIV. P. 45(d)(2)(B)(i).  Again, as with party objections to discovery, non-party objections must be supported by specific facts demonstrating undue burden or expense, and generalized assertions are insufficient.  FED. R. CIV. P. 45(d)(1), (d)(3)(A).

**B.     IFS's Objections to the Conduct of Discovery Generally and These Requests Are Meritless.**

    **a.     The Commission is not foreclosed from conducting discovery.**

IFS (along with, by extension of common counsel, Woolsey and Cheshire) argues that the Fifth Circuit in remanding part of this case to this Court for further proceedings dictated that the Commission cannot take any discovery in the case.  IFS's reliance on language in the Fifth Circuit opinion for this position is misplaced.

The Fifth Circuit opinion resulted from a decision by this Court to grant the Commission's motion to dismiss on the face of IFS's pleading.  *Institute for Free Speech v. J.R. Johnson*, 148 F.4th 318, 326 (5th Cir. 2025).  That is undeniably the posture—a resolution on Rule 12 motions to dismiss—in which the Fifth Circuit made its decision to uphold this Court's decision in part, and to remand the case in part for further proceedings.  The language quoted by IFS in support of its apparent position that *no discovery can ever be taken in this case following partial reversal and remand* is the statement in the Fifth Circuit opinion—with respect to IFS's jurisdictional pleadings "[a]s alleged in its complaint"—that "no further factual questions require resolution of [IFS's] claims."  *Id*. at 327-29, 335.  This isolated statement regarding Plaintiff's jurisdictional pleadings could not ever expanded to a conclusion that IFS is entitled to prevail on the merits of its claims without proof.  In fact, in making this argument, IFS disregards the sentence of the Fifth Circuit opinion that immediately precedes the language it cites:  "IFS's complaint sufficiently alleges that IFS has an intent to engage in a prohibited course of conduct that is affected by a constitutional interest, and that if it so engages, it will face enforcement under Texas law."  *Id*. at 335.

The Fifth Circuit's opinion is replete with such references to its decision being made on the Court's disposition of Rule 12 motions on IFS's *allegations*, without the benefit of factual development. *E.g., id*. at 329 ("At this early stage, there is no contrary evidence that would undermine the assumption of future enforcement.") This language cited by IFS does not represent a Fifth Circuit-imposed bar on any discovery in the case, even as to jurisdictional issues (much less issues on the merits). The Fifth Circuit made it clear that it was remanding the remaining claims for this Court to adjudicate:

> In light of the district court's conclusion that IFS lacked standing, the district court had no jurisdiction to resolve that motion. *Murthy*, 603 U.S. at 57, 144 S. Ct. 1972 ("[I]f a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." (citation omitted)). We decline to address IFS's First Amendment claims and leave them for the district court to explore in the first instance. *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 393 (5th Cir. 2024).

*Id*. at 335 n.6. Even with respect to jurisdictional issues, a plaintiff who brings a claim as IFS has done here must satisfy the standards of proof to show standing according to the evidentiary requirements at each stage of the litigation. *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992) ("Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.") The case (including IFS's motion for summary judgment) has now moved to a "successive stage" of the litigation beyond the pleadings issues addressed first by this Court and then by the Fifth Circuit. A suggestion that the Fifth Circuit in its opinion remanding part of the case for further proceedings somehow abrogated this principle set forth by the United States Supreme Court and followed in this District is meritless. *E.g., Morales v. Specialized Loan Servicing, LLC*, 2022 WL 16549151, at *2 (W.D. Tex. 2022) (noting that each element for standing must be supported with the appropriate level of evidence for each successive stage of litigation).

In fact, IFS has indicated in its motion for summary judgment filing that even it understands it cannot proceed to the merits of its claims without proof. In its pending motion for summary judgment, IFS includes four declarations containing factual assertions by Chris Woolsey, Cary Cheshire, David Keating, and Jacob Huebert. Does IFS seriously contend that a party does not have the right to test and contest through discovery factual assertions made by a party in seeking summary judgment?

The Commission's discovery relates to the further proceedings to be conducted before this Court, now that the sufficiency-of-pleadings issues have been resolved. The further proceedings will deal not with IFS's *allegations* but the actual *facts* underlying IFS's claims. That IFS has filed a motion for summary judgment does not obviate the need for discovery; that motion just serves to highlight that discovery is necessary before the Court can reach the merits of the claims. The Commission argued this previously in response to Defendant's summary judgment filing. Dkt. 24. IFS's strategic choice to move for summary judgment, and to do so based on factual assertions, cannot avoid necessary discovery—it just highlights the need for that discovery. The Commission is *entitled to test Plaintiff's allegations through the discovery process* to determine whether they are true and/or whether affirmative defenses preclude recovery based on such allegations.

      **b.**    **The Commission's requests for production are not disproportionate or otherwise objectionable.**

The Commission's requests to IFS and the non-parties are tailored to each recipient. Each of the non-party subpoenas requests specific categories of documents relevant to (1) that non-party's campaign activities, (2) communications with IFS, and (3) any coordination or representation regarding challenges to Texas Election Code § 259.001(a), which are central topics to IFS's alleged constitutional claims. Such requests fall within the proportionality test that takes into consideration the importance of the issues, access to relevant information, resources available, the importance of the discovery in resolving the issues,

and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

Here, IFS places these very facts—about whether the non-parties engage or want to engage in activity that allegedly would violate Texas law, including through IFS's representation of them—at the heart of its claims. Discovery from IFS and Woolsey and Cheshire is the least burdensome and most direct method of obtaining relevant information.

The Commission has already briefed how the discovery sought will help determine the factual issues involved in this case. *See* Dkt. 24 at 7; Dkt 52 at 6-7. On the other hand, IFS asks the Court to simply accept its allegations and the statements in its proffered declarations as true, for purposes of a merits determination. For example, IFS has proffered a declaration from Woolsey that includes the following types of factual statements that IFS asks the Court to rely on in considering its motion for summary judgment:

- "I intend to run for re-election and intend to start raising money for that purpose in the near future."
- "When I run for re-election (or in the event that I choose to run for another public office in Texas), I intend to print and post political advertising signs in support of my candidacy, including signs that are visible from a roadway."
- "I would like to challenge this warning requirement as compelled speech that violates the First Amendment, but I have a family to support, and I lack the financial means to hire an attorney to help me bring such a lawsuit, and see it through to a conclusion."

Dkt. 22 at 4. These factual allegations (and the many more in the declarations, made not only by Woolsey but also by IFS representatives) can only be tested through the discovery process authorized by the Federal Rules. As briefed previously in its initial response to IFS's motion for summary judgment, Dkt. 24, the Commission has the right to seek discovery of IFS, Woolsey, and Cheshire that bears on the Commission's

defenses to IFS's remaining claims. *E.g., Wells v. City of Austin*, No. 1-19-CV-1140-RP, 2020 WL 5366111, at *2 (W.D. Tex. 2020) (concluding the summary judgment motion was premature because the parties had not yet taken any depositions, the discovery deadline had not expired, and the information sought could only be obtained via depositions).

**C.     The Non-Parties' Objections to the Subpoenas Duces Tecum Are Boilerplate.**

Nonparties Woolsey and Chesire generally assert similar language that each request for production is not relevant, overly broad, vague, cumulative, duplicative, is subject to Fifth Amendment privileges, First Amendment privileges, and/or obtainable from another source. These are boilerplate objections are not valid and can waive Plaintiff's objections. *E.g., McLeod, Alexander, Powel & Apffel v. Quarles,* 894 F.2d 1482, 1484 (5th Cir.1990) (vague objections lacking in specificity were invalid); *Hopkins v. Green Dot Corp.*, No. CVSA16CA00365DAE, 2016 WL 8673861, at *3 (W.D. Tex. 2016) ("Rule 34(b)(2)(C) states that an objection to a request for production must state whether any responsive materials are being withheld on the basis of that objection; an objection to part of a request must specify the part and permit inspection of the rest. Courts consistently find waiver of a valid objection upon a party's use of boilerplate."); *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 161 (N.D. Tex. 2018) (noting that general or boilerplate objections are invalid, and that objections must be made with specificity, including whether responsive materials are being withheld).

For its part, IFS did not make timely objections or responses to the specific requests propounded by the Commission. **Exhibit B**. Accordingly, any objections to specific requests for production, other than the general objection to any discovery occurring, have now been waived. E.g., *In re United States,* 864 F.2d 1153, 1156 (5th Cir.1989) ("We readily agree with the district court that [,] as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

**D.      IFS's Counsel Demands a 26(f) Conference But Refuses to Conduct One.**

In response to IFS's claim that the discovery requests are somehow invalid because a Rule 26(f) conference is necessary before the service of discovery, the Commission's counsel attempted to schedule such a conference. The Commission's counsel did so even though everyone in the case understood such a conference would be meaningless, in light of IFS's position that no discovery should occur at all. IFS's counsel continues to assert that any discovery must occur after a Rule 26(f) conference, yet simultaneously asserts such a conference is premature and, therefore, will not agree to hold the conference until this Court rules on its summary judgment motion. This circular posturing fully reflects what is going on: IFS does not want to participate in any discovery concerning its claims or its proffered evidence. However, IFS cannot properly avoid discovery and insist on immediate consideration of its summary judgment motion by refusing to participate in discovery or a Rule 26(f) conference. The only remedy to the recalcitrance of IFS and the non-parties is for the Court to direct them to respond to the pending discovery.

### III.     CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court enter an order compelling IFS, Woolsey, and Cheshire to comply with the discovery from the Commission attached to this motion, and to enter a schedule by which such compliance and responses should be made. The Commission also requests all other relief to which it may show itself to be entitled.

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*
    Eric J.R. Nichols
    State Bar No. 14994900
    eric.nichols@butlersnow.com
    1400 Lavaca Street, Suite 1000
    Austin, Texas 78701
    Tel: (737) 802-1800
    Fax: (737) 802-1801

    Jose M. Luzarraga
    State Bar No. 00791149
    jose.luzarraga@butlersnow.com
    2911 Turtle Creek Blvd., Suite 1400
    Dallas, Texas 75219-6258
    Tel: (469) 680-5503
    Fax: (469) 680-5501

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

As indicated in the motion, there have been numerous communications between counsel for the parties in an effort to resolve the issues presented to the Court. Based on those communications, it is clear that Court intervention is necessary, as both IFS and the non-parties have made it clear that they will not respond to the discovery at issue without Court intervention.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols