# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INSTITUTE FOR FREE SPEECH, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | No. 1:23-cv-01370-DAE |
| JAMES TINLEY, in his official capacity as Executive Director of the Texas Ethics Commission, et. al, | § § § § § | |
| *Defendant.* | § § | |

## **DECLARATION OF JAMES TINLEY**

1. My name is James Tinley. I am over the age of 18 and fully competent to testify.

2. I am the Executive Director of the Texas Ethics Commission (the "Commission").

3. The Texas Ethics Commission was created in 1991 on a bipartisan basis, pursuant to enabling legislation and a constitutional amendment. This legislation and constitutional amendment included vesting the Commission with administrative and enforcement authority over specified chapters of the Texas Government Code and Texas Election Code. Chapter 571 of the Government Code provides that the Commission "shall administer and enforce," among other things, Title 15 of the Election Code, which includes Texas's prohibition on corporate political contributions codified in section 253.094.

4. As the Supreme Court has recognized, prohibitions on corporate contributions to political campaigns further the compelling interest of combatting quid pro quo corruption and its appearance. In this particular instance, because non-profit corporations receive undisclosed contributions, Section 253.094 furthers that compelling state interest and achieves the Commission's legislative purpose of disclosing full information related to expenditures and contributions for elections and for petitioning the government.

5. As Executive Director, and formerly as interim general counsel and general counsel, part of my role entails drafting, releasing and conducting votes on opinions on Texas law, receiving public comments, and maintaining public comments.

6. On September 29, 2022, the Commission released Draft Advisory Opinion No. AOR-660 ("Opinion No. AOR-660") in response to the Institute for Free Speech ("IFS") requesting an opinion on Texas Election Code § 253.094 which prohibits corporations from making political contributions to candidates and political committees.

7. On September 29, 2022, the Campaign Legal Center ("CLC") submitted a comment on Opinion No. AOR-660, attached as **Exhibit 1**. **Exhibit 1** is a true and correct copy of the comment the CLC submitted to the Commission at the time the Commission was accepting public comment.

8. On December 14, 2022, Opinion No. AOR-660 passed as Ethics Advisory Opinion No. 580 ("EAO No. 580"), attached as **Exhibit 2**. The copy of EAO No. 580 attached to this affidavit is a true and correct copy of the EAO No. 580 as posted on the Commission's website.

9. Further, the Commission does not have knowledge on many of the factual allegations made by Plaintiff in support of its claims, including the following:

- Averments on residency of an individual and a claimed general purpose political committee ("GPAC") Plaintiff claims it wants to represent.

- Averments on the intent of the individual to run for office and the GPAC to run a campaign, including averments about spending money in a certain fashion and advertise in a certain way.

- Averments on the feelings of this individual and GPAC about a requirement under state law regarding political campaign signage.

- Averments that the individual and the GPAC cannot afford to pay lawyers.

- Averments that the individuals and the GPAC believe they would be subject to liability under state law.

- Averments about Plaintiff not having offered to represent the individual or the GPAC.

- Averments about the non-profit nature and residency of the Plaintiff.

- Averments about the funding sources to the Plaintiff.

- Averments about the activities of Plaintiff in "tak[ing] on legal cases that impact free political speech rights."

- Averments about the pro bono nature of legal services that Plaintiff allegedly provides.

- Averments about concerns Plaintiff (or its apparently non-lawyer representative) has about providing claimed pro bono services in light of Texas law restricting corporate contributions to political campaigns.

- Averments about claimed "opportunities" for representation that Plaintiff has allegedly passed on given the claimed concerns.

2

- Averments about an advisory opinion from the Commission "resolving" the concerns allegedly held by Plaintiff.

- Averments about an advisory opinion from the Commission giving rise to concerns by Plaintiff (or its representative) about a "considerable risk of prosecution or civil liability."

- Averments about Plaintiff (or its representative) believing it cannot provide pro bono legal services to people or entities it wants to represent.

- Averments about Plaintiff's claimed rights "hav[ing] been chilled" as a result of issuance by the Commission of an advisory opinion.

- Averments about Plaintiffs' claimed rights having been burdened in Texas counties.

- Averments about other organizations that Plaintiff (or its representative) claims cannot provide pro bono legal services to people or entities they want to represent.

- Averments about the claimed benefits of the Commission's advisory opinion benefitting the Commission itself or incumbent officeholders in Texas.

10. The Commission, through counsel, needs the opportunity to conduct discovery to test Plaintiff's allegations, including, but not limited to, whether the nonparties began a course of action, that if carried out, would violate Texas law, and to develop a full record on the statute that Plaintiff seeks to invalidate through this litigation.

11. The Commission needs to conduct this discovery on Plaintiff's claims, including through document requests, interrogatories, and depositions.

12. As part of any such discovery as needed, the Commission would at minimum take the depositions of the declarants whose declarations have been submitted to the Court, as well as organizational representative depositions of Plaintiff, Chris Woolsey, and the Texas Anti-Communist League PAC.

13. The discovery will allow the additional time to enable the Commission to rebut the Plaintiff's allegations of no genuine issue of fact. The Commission only has information related to the appointment of a campaign treasurer and other publicly available information. The Commission does not have records of candidate acquisitions of political signs, dealings with printing companies, and actions taken to appear on a ballot in Texas. The information the Commission has is not adequate to assess what actions the nonparties performed as they relate to the relevant provisions of the Texas Election Code.

14. The expected discovery will show such actions, or lack thereof, and show competing individual and state interests.

15. This declaration is made under 28 U.S.C. § 1746, and I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2025.

James Tinley
Executive Director
Texas Ethics Commission

4