# EXHIBIT A-1



September 29, 2022

J.R. Johnson, Esq.
Executive Director
Texas Ethics Commission

    **Re:    Draft Advisory Opinion No. AOR-660**

Dear Mr. Johnson:

Campaign Legal Center ("CLC") respectfully submits this brief comment on draft advisory opinion no. AOR-660, released today by the Texas Ethics Commission.

The U.S. Supreme Court has long recognized the important governmental interest underlying corporate contribution bans: preventing corruption and the appearance of corruption.[1] Accordingly, it is well settled that corporations—whether nonprofit or for-profit—have no constitutional right to make in-kind contributions to candidates for elected office.[2] That is as true in the context of free legal services as it is in the context of free political advertising. Texas may therefore constitutionally prohibit corporations from making contributions in the form of free legal representation of candidates for elected office.

Draft AOR-660 thus correctly recognizes that the relevant question presented in this matter is not a constitutional one but rather a statutory question of whether the legal services in question are contributions under the "in connection with" standard that applies under Texas law, as interpreted and applied by Texas courts and the Commission.

    Sincerely,

    */s/ Patrick Llewellyn*
    Patrick Llewellyn, Director, State Campaign Finance
    Adav Noti, Vice President & Legal Director
    Campaign Legal Center
    1101 14th Street NW, Suite 400
    Washington, DC 20005

---

[1] *See, e.g.*, *FEC v. Beaumont*, 539 U.S. 146 (2003).

[2] *See id.*; *King St. Patriots v. Tex. Democratic Party*, 521 S.W.3d 729, 742-43 (Tex. 2017) (relying on *Beaumont* to uphold Texas law banning corporate contributions).