# EXHIBIT B

ELECTION CODE

CHAPTER 492

H. B. No. 6

An Act to adopt and establish an election code for the State of Texas, to revise and recodify Title 50 of the Revised Civil Statutes of 1925 of Texas, and all amendments thereto, to repeal all Acts in conflict herewith, provided, however, that nothing in this Act shall be construed as repealing or in any way affecting the legality of any penal provision of the existing law, and further provided that nothing in this Act shall in anywise alter, amend, or repeal House Bill No. 43, Acts, Regular Session, Fifty-second Legislature; providing a saving clause; providing an appropriation; providing the effective date; and declaring an emergency.

WHEREAS, It is expedient that the Election Code of this State should be arranged in appropriate chapters and sections, and that the whole should, as far as practicable, be made concise, clear and consistent; therefore

*Be it enacted by the Legislature of the State of Texas:*

Section 1. That the following chapters and articles are hereby adopted and shall hereafter constitute and be known as the Election Code of the State of Texas:

## CHAPTER ONE—MISCELLANEOUS PROVISIONS

### 1. Design of the Code

The aim in adopting this Code is to state in plain language the laws governing the nomination and election of officers and of holding other elections, to simplify, clarify and harmonize the existing laws in regard to parties, suffrage, nominations, and elections, and to safeguard the purity of the ballot box against error, fraud, mistake and corruption, to the end that the will of the people shall prevail and that true democracy shall not perish from the Lone Star State. To that end the provisions of this Code shall apply to all elections and primaries held in this State, except as otherwise provided herein.

### 2. County judge failing to act

Whenever, by this title, any duty is devolved upon a county judge, and that office is vacant, or such officer from any cause fails to perform such duty, any two (2) or more of the county commissioners of the county may and shall perform such duty.

### 3. Blanks furnished

At least thirty days before each general election the Secretary of State shall prescribe forms of all blanks necessary under this Code and shall furnish same to each county judge. The Secretary of State shall at the same time certify to each county clerk a list of all the candidates who have been nominated for state office and for district office where the district consists of more than one county, if said district nominees have not been certified directly to the county clerk.

### 4. To certify death of officer

When any state or district officer, member of Congress, or member of the Legislature shall die, the county judge of the county where such death occurs or of the county where such officer resided, shall immediately certify the fact of the death of such officer to the Secretary of State.

which the State Convention will be held and shall also mail a copy of such notice to each county chairman in the State at least ten (10) days prior to the date of the State Convention. Should the county chairman fail to file with the County Clerk a statement showing the hour and place of holding the precinct and county conventions, then any member of the County Executive Committee, may file with the County Clerk a notice of the hour and place of the holding of such precinct and county conventions, and such shall constitute the legal hour and place therefor. Should more than one such member of the County Executive Committee file such notice, then the first filing in point of time shall prevail.

### 236. Nominations for two (2) or more state offices of same classification

That whenever nominations for two (2) or more state offices of the same classification are to be made at the same primary or general election, each such office shall be separately designated on the official ballot used at such primary or general election by numbering the places as "No. 1," "No. 2," "No. 3," etc., and the candidates for each place shall be separately nominated. Such designations shall be made by the State Committee of the political party holding the election. Each candidate for nomination for such offices shall designate in the announcement of his candidacy, and in his request to have his name placed on the official primary ballot, the number of the nomination or place for which he desires to become a candidate, and the names of all candidates so requesting shall have their names printed beneath the title of the office and the number so designated. No person shall be a candidate for more than one of such places.

## CHAPTER FOURTEEN—LIMITING CAMPAIGN EXPENDITURES

### 237. Definitions

The word "candidate" shall mean any person who has announced to any other person or to the public that he is a candidate for the nomination for or the election to any office which the laws of this State require to be determined by an election. The words "county office" shall mean any office to be filled by the choice of the voters residing in only one (1) county or less than one (1) county. The words "district office" shall mean any office to be filled by the choice of the voters residing in more than one (1) county. The words "state office" shall mean any office to be filled by the choice of voters of the entire State. The above classification of offices shall include all offices of the United States Government filled by elections. The term "campaign expenditure" as hereinafter used shall include any gift, loan, or payment of money or other valuable thing, or promise to give, lend, or pay money or other valuable thing, for the purpose of furthering or opposing the candidacy of any person for nomination for or election to any county, district, or state office.

### 238. Appointing Manager

Every candidate for nomination for or election to a State or district office may designate a campaign manager by written appointment filed with the Secretary of State, and may also designate an assistant campaign manager for each county affected by such candidacy by written appointment to be filed with the county clerk of said county. Every candidate for nomination for or election to a county office may designate a campaign manager by written appointment to be filed with the county clerk of such county. Any campaign manager or assistant campaign manager designated as provided in this Section may be removed by the candi-

date at any time by the written appointment of a successor filed in the manner provided for original designations.

### 239. Purposes of expenditures

No candidate, campaign manager, nor assistant campaign manager shall himself or by any other person, directly or indirectly, make or authorize any other person to make any campaign expenditure except for the following purposes only, to wit:

    a. For the traveling expenses of the candidate, his campaign manager, or assistant campaign managers, or of a secretary for such candidate.

    b. The payment of fees or charges for placing the name of the candidate upon the primary ballot, and for holding and making returns of the election.

    c. The hire of clerks and stenographers and the cost of clerical and stenographic work.

    d. Telegraph and telephone tolls, postage, freight and express charges.

    e. Printing and stationery.

    f. Procuring and formulating lists of voters, making canvasses of voters, and employing watchers and supervisors at the polls.

    g. Office rent.

    h. Newspaper and other advertising and publicity.

    i. Advertising and holding political meetings, demonstrations, and conventions, and payment of speakers and musicians therefor.

    j. Employing as counsel attorneys licensed in this State and expenses of election contests.

Any campaign expenditure by any candidate, campaign manager, or assistant campaign manager, except for the above purposes is expressly prohibited and declared to be unlawful.

### 240. Campaign Contributions

(a) It shall be lawful for any person other than a corporation to make campaign contributions to be paid directly to a candidate, his campaign manager, or assistant campaign manager, such contributions to be used for the purposes set forth in the preceding Section.

(b) It shall be lawful for any person to expend a sum which shall not in the aggregate exceed Twenty-five Dollars ($25) for postage, or telegraph or telephone tolls, or for costs of any correspondence, or any other lawful purpose out of his own funds to aid or defeat any candidate, where the sum is not to be repaid to him.

(c) It shall be lawful for any person to contribute his own personal services and personal traveling expenses to aid or defeat any candidate.

(d) Except as expressly permitted by Paragraphs (a), (b), and (c) of this Section it shall be unlawful for any person, other than a candidate, his campaign manager, or his assistant campaign manager, to make or authorize any campaign expenditure. Except as provided in Paragraphs (a), (b), and (c) of this Section campaign expenditures must be made by the candidate, his campaign manager, or his assistant campaign manager.

### 241. Civil Remedy

(a) Any candidate, campaign manager, assistant campaign manager, or other person, who makes an unlawful campaign expenditure in support of a candidate shall be civilly liable to each opposing candidate whose name shall appear on the ballot in the next election after such expendi-

ture is made for double the amount or value of such unlawful campaign expenditure and reasonable attorneys fees for collecting same.

(b) Any candidate, campaign manager, assistant campaign manager, or other person, who makes an unlawful campaign expenditure not expressly supporting any candidate but opposing a particular candidate or candidates shall be civilly liable to each of such opposed candidates for double the amount or value of such unlawful campaign expenditure and reasonable attorneys fees for collecting same.

### 242. Criminal Penalty

Any candidate, campaign manager, assistant campaign manager, or other person, who makes an unlawful campaign expenditure in violation of the foregoing Sections of this Chapter shall be fined not less than One Hundred Dollars ($100) nor more than Five Thousand Dollars ($5,000), or be imprisoned in the penitentiary not less than one (1) nor more than five (5) years, or be both so fined and imprisoned.

### 243. Corporations not to contribute

(a) No corporation shall give, lend or pay any money or other thing of value, or promise to give, lend, or pay any money or other thing of value, directly or indirectly, to any candidate, campaign manager, assistant campaign manager, or any other person, for the purpose of aiding or defeating the election of any candidate or of aiding or defeating the approval of any political measure submitted to a vote of the people of this State or any subdivision thereof.

(b) Any corporation making or promising a gift, loan, or payment to any candidate, campaign manager, assistant campaign manager, or other person in violation of Paragraph (a) of this Section shall be civilly liable for double the amount or value of such loan or gift, promised or made, to each opponent of the candidate favored by such gift, loan, or payment, or to the particular candidate or candidates opposed by such gift, loan, or payment.

(c) Every officer or director of any corporation who shall consent to any such unlawful gift, loan, or payment, or such unlawful promise to give, lend, or pay, by the corporation shall be fined not less than One Hundred Dollars ($100) nor more than Five Thousand Dollars ($5,000), or be imprisoned not less than one (1) nor more than five (5) years, or be both so fined and imprisoned.

(d) Any candidate, campaign manager, or assistant campaign manager who knowingly receives such unlawful gift, loan, or payment from a corporation shall be fined not less than One Hundred Dollars ($100) nor more than Five Thousand Dollars ($5,000), or be imprisoned not less than one (1) nor more than five (5) years, or be both so fined and imprisoned.

(e) If any officer, agent, or employee of any bona fide association, incorporated or unincorporated, organized for and actively engaged for one (1) year prior to such contribution in purely religious, charitable or eleemosynary activities, or local, district or statewide commercial or industrial clubs, or associations, or other civic enterprises or organizations not in any manner nor to any extent directly or indirectly engaged in furthering the cause of any political party, or aiding in the election or defeat of any candidate for office, or defraying or aiding in defraying the expenses of any political campaign, or political headquarters, or aiding or assisting the success or defeat of any question to be voted upon by the qualified voters of this State or any subdivision thereof, shall use or permit the use of any stock, money, assets or other property contributed to such organizations by any corporations, to further the cause

of any political party, or to aid in the election or defeat of any candidate for office, or to pay any part of the expenses of any candidate for office, or part of the expenses of any political campaign, or political headquarters or to aid in the success or defeat of any political question to be voted on by the qualified voters of the State, or any subdivision thereof, such officer, agent or employee, shall be fined not less than One Hundred Dollars ($100) nor more than Five Thousand Dollars ($5,000), or be imprisoned in the penitentiary not less than one (1) nor more than five (5) years, or be both so fined and imprisoned.

### 244. Records and Sworn Statement

(a) Each candidate is hereby required to keep an accurate record of all gifts or loans of money or other valuable things received by him, his campaign manager, or assistant campaign managers, and of all gifts, loans, and payments made, and of all debts incurred by him, his campaign manager or assistant campaign managers on account of his candidacy, which record shall contain all information hereinafter required to be reported by such candidate.

(b) Each candidate is hereby required to file sworn statements of all gifts and loans previously received and of all gifts, loans, and payments made and all debts incurred. Such sworn statements shall and must be filed at intervals of twenty (20) days beginning sixty (60) days next preceding the date of any election in which the candidate's name appears on the ballot, provided, however, that a sworn statement shall be filed not more than five (5) nor less than two (2) days prior to the date of the election in which the candidate's name appears on the ballot. Provided, further, that there shall be filed a sworn statement not more than twenty (20) nor less than fifteen (15) days next preceding the second or run-off primary election and there shall be filed a second sworn statement not more than five (5) nor less than two (2) days next preceding the second or run-off primary election in which the candidate's name appears on the ballot. Such sworn statement shall also include an estimate of the additional amount that the candidate will expend or become liable for in behalf of his candidacy from the time of the filing of the sworn statement to and including the day of the election.

(c) Not less than ten (10) days after the election each candidate must file a sworn supplemental statement of all gifts and loans received prior to the election and of all gifts, loans, and payments made and debts incurred prior to the election not specifically included in the sworn statement filed prior to the election.

(d) Any such statement filed by a candidate in a second primary election must include all items not reported in the statement filed for the first primary election. Any such statement filed by a candidate in a special or general election must include all items not reported in statements filed in primary elections preceding such special or general election. However, each statement filed must include a statement of the total amount of all previous gifts and loans received and all gifts, loans, and payments made and debts incurred in connection with the candidacy of the candidate filing such statement.

(e) Each such sworn statement shall include the names and addresses of all persons from whom money or any other thing of value has been received or borrowed by such candidate, his campaign manager, or assistant campaign managers, and the date and amount of such gift or loan. Such statement shall also include the dates and amounts of all gifts, loans, and payments made or debts incurred by such candidate, his campaign manager, or assistant campaign managers on account of his candidacy; the names and addresses of all persons to whom any gift,