IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INSTITUTE FOR FREE SPEECH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | A-23-CV-1370-DAE |
| | § | |
| JAMES TINLEY, in his official capacity | § | |
| as Executive Director of the Texas | § | |
| Ethics Commission, et al., | § | |
| Defendants. | § | |

# ORDER

Before the court is Defendant James Tinley's, in his official capacity as the Executive Director of the Texas Ethics Commission (the "Commission"), Motion to Compel Responses to Discovery (Dkt. 55) and all related briefing.[1] The court held a hearing on the motion on December 1, 2025. After consideration of the parties' briefing, the applicable law, and the arguments made at the hearing, the court finds as follows.

## I. PROCEDURAL HISTORY

The Institute for Free Speech ("IFS") brought a suit to challenge the constitutionality of a provision of the Texas Election Code. *See* TEX. ELEC. CODE § 253.094. After the District Judge dismissed IFS's complaint for a lack of Article III standing, IFS appealed to the Fifth Circuit. Dkts. 40, 41. The Circuit Court found that IFS does have standing to bring its constitutional challenge, that IFS's claims are ripe, and reversed the District Judge's decision on those matters. Dkt. 44-1 (USCA Mandate) at 2, 15, 18. When finding IFS sufficiently alleged standing and ripeness, the Circuit Court held that "[n]o further factual questions require resolution for the adjudication of

---

[1] This motion was referred to the undersigned for disposition by United States Senior District Judge David A. Ezra pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated Oct. 29, 2025.

[IFS's] claims." *Id.* at 21. The Fifth Circuit remanded the case, with instructions for the District Court to "explore in the first instance" IFS's First Amendment claims. *Id.* at 22 n.6.

On remand, Defendant James Tinley now moves to compel IFS and non-parties Christopher Woolsey and John Cary Cheshire to comply with discovery requests propounded by the Commission. Dkt. 55 (Mot.). The Commission served IFS with requests for production and served Woolsey and Cheshire with subpoenas duces tecum for depositions and "discrete categories of documents." *Id.* at 2.

Tinley argues that the Commission has the right to conduct discovery on IFS's claims, that the Fifth Circuit did not intend to foreclose discovery, and that objections to the discovery requests are meritless. *Id.* IFS argues that the discovery requests are premature, invalid under the Federal Rules of Civil Procedure, and violate the Fifth Circuit's mandate. Dkt. 59 (Pl. Resp.). IFS further argues that it filed for summary judgment on purely legal grounds, and thus, there is no need for discovery. *Id.* at 1. Non-parties Woolsey and Cheshire filed an opposition to Tinley's motion, arguing that the discovery requests are overbroad, fail to comply with the Federal Rules (specifically, Rules 26(f) and 37(a)(1)), and violate the Fifth Circuit's express mandate. Dkt. 61 (3P Resp.). Tinley replied. Dkt. 62 (Def. Rep.). The court held a hearing on the motion on December 1, 2025, which was attended by counsel for IFS, the Commission, and the non-parties.

II. **ANALYSIS**

The primary issue before the court is whether the Fifth Circuit foreclosed discovery in its mandate of July 28, 2025. IFS argues that the Fifth Circuit intended to foreclose discovery and did so. Pl. Resp. at 3. The Commission argues that the Fifth Circuit was resolving a motion to dismiss, which it chose to reverse in part and remand, leaving discovery available. Mot. at 3. After considering the parties' briefing, the Fifth Circuit's mandate, and oral argument, the undersigned

finds in the Commission's favor. In addition to finding that IFS "sufficiently alleges" standing and ripeness, the Fifth Circuit further held that the District Court did not err in its decision to "moot the motion for summary judgment" after determining IFS had no standing and instructed that the District Court is to "explore in the first instance" IFS's First Amendment claims. USCA Mandate at 21, 22 n.6. These holdings and directives make clear to the undersigned that the Fifth Circuit was ruling on the sufficiency of IFS's allegations and did not consider IFS's original motion for summary judgment.

Furthermore, as the Commission points out, *Lujan* requires that the elements of standing be supported "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (describing the general requirements at the pleading, summary judgment, and trial stages). The undersigned finds it nonsensical that discovery would be foreclosed following a judgment regarding the pleadings stage. Therefore, the undersigned **GRANTS** Defendant's Motion to Compel (Dkt. 55) subject to the following limitations.

IFS and non-parties Woolsey and Cheshire are **ORDERED** to produce documents responsive to the discovery requests that have been propounded to them by **December 19, 2025**.[2] The undersigned does not reach specific objections by IFS or the non-parties at this time. Instead, the court trusts the parties' representations that they will resolve any reasonable disputes that may

---

[2] To the extent IFS lodges procedural objections against the Motion to Compel regarding its timeliness, the undersigned notes that IFS stated in its pleadings and at the hearing that it would not attend a Rule 26(f) Conference unless the court ordered discovery to begin. *See* Pl. Resp. at 9. Accordingly, the undersigned is granting the Motion over IFS's procedural objections and encourages the District Judge to order the parties to hold a Rule 26(f) Conference, if they will not do so of their own accord in the wake of this order.

arise during production. If that optimism is misplaced, the court will resolve any remaining disputes at a future in-person hearing.

### III. CONCLUSION

Accordingly, Defendant's Motion to Compel (Dkt. 55) is **GRANTED**, and the parties are hereby **ORDERED** to comply with the court's specific instructions detailed above.

SIGNED December 2, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE