UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INSTITUTE FOR FREE SPEECH, | § | No. 1:23-cv-01370-DAE |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| JAMES TINLEY, in his official capacity | § | |
| as Executive Director of the Texas Ethics | § | |
| Commission, et al., | § | |
| | § | |
| *Defendants.* | § | |

ORDER DENYING PLAINTIFF'S APPEAL FOR RECONSIDERATION OF
ORDER PURSUANT TO 28 U.S.C. § 636(b)(1)(A) AND FED. R. CIV. P. 72(a)

Before the Court is Plaintiff Institute for Free Speech's ("Plaintiff") appeal and objections to United States Magistrate Judge Mark Lane's Order (Dkt. # 69) Granting Defendant James Tinley's Motion to Compel. (Dkt. # 71.) Defendants filed their response on December 23, 2025. (Dkt. # 72.) The Court finds this matter suitable for disposition without a hearing. After careful consideration of the filings and relevant case law, the Court, for the following reasons, AFFIRMS Judge Lane's Order (Dkt. # 69).

BACKGROUND

Plaintiff brought a suit challenging the constitutionality of a provision of the Texas Election Code. (Dkt. # 1.) The Court granted Defendants' Motion to Dismiss for lack of Article III standing, and Plaintiff appealed to the Fifth Circuit.

1

(Dkts. ## 40, 41.) On appeal, the Fifth Circuit found that Plaintiff does have standing to bring its constitutional challenge and its claims are ripe, thus reversing the undersigned on those matters. (Dkt. # 44-1 at 2, 15, 18.) When finding that Plaintiff sufficiently alleged standing and ripeness, the Circuit Court held that "[n]o further factual questions require resolution for the adjudication of [Plaintiff's] claims." (Id. at 21.) The Fifth Circuit remanded the case, instructing the Court to "explore in the first instance" Plaintiff's First Amendment claims, which were not considered after the Court mooted Plaintiff's Motion for Summary Judgment (see Text Order dated September 3, 2024) in light of the dismissal. (Id. at 22 n.6.)

On October 29, 2025, the Court held a status conference in the above-captioned case after the case was remanded by the Fifth Circuit. (Dkt. # 56.) At the status conference, the Court heard the parties' arguments regarding the status and pleading deadlines for Plaintiff's Motion for Summary Judgment that was mooted in September 2024 (see Text Order dated September 3, 2024). The Court ordered that Plaintiff refile their Motion for Summary Judgment, which they promptly did on October 20, 2025. (Dkt. # 57.) However, Defendants believed the Fifth Circuit did not intend to foreclose discovery, which they argue they have the right to conduct, and thus filed a Motion to Compel on October 28, 2025. (Dkt. # 55.)

Defendants' Motion to Compel was referred to Magistrate Judge Lane on October 29, 2025.  (See Text Order dated October 29, 2025.)  Judge Lane held a hearing on the matter on December 1, 2025.  (Dtk. # 68.)  On December 2, 2025, Judge Lane entered an Order Granting Defendants' Motion to Compel.  (Dkt. # 69.)  On December 12, 2025, Plaintiff filed their appeal and objections to the Order.  (Dkt. # 71.)  Defendants responded in opposition on December 23, 2025.  (Dkt. # 72.)  Plaintiff has not filed a reply.

Plaintiff objects to Judge Lane's finding that the Fifth Circuit's mandate did not foreclose discovery into both merits and jurisdiction, as well as Judge Lane's decision to grant Defendants' motion to compel.  (Dkt. # 71 at 1.)  Plaintiff contends that the Magistrate Court order erred in three respects: (1) it disregards explicit language in the Fifth Circuit opinion foreclosing discovery; (2) it wrongly insists that Plaintiff must prove standing again; and (3) it violates Rule 26(d) by permitting Defendants to pursue early discovery without showing good cause.  (Dkt. # 71.)

LEGAL STANDARD

Pursuant to the Federal Magistrate's Act, upon timely motion or the filing of objections, a district judge "may reconsider any pretrial matter [referred to a magistrate judge pursuant to Section 636] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C.

3

§ 636(b)(1)(A); see also Moore v. Ford Motor Co., 755 F.3d 802, 806 (5th Cir. 2014) ("A magistrate judge's non-dispositive order may only be set aside if it is 'clearly erroneous or is contrary to law'" (quoting 28 U.S.C. § 636(b)(1)(A))). That standard is a "highly deferential" one; the Court must affirm the Magistrate Judge's decision unless "'on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed.'" Gomez v. Ford Motor Co., 2017 WL 5201797, at *2 (W.D. Tex. April 27, 2017) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)) (internal quotations omitted).

## DISCUSSION

The Court will consider Plaintiff's first and second objections together because they both challenge the Magistrate Judge's finding that the Fifth Circuit did not preclude further factual discovery, specifically as it relates to Plaintiff's Article III standing. Plaintiff argues that the mandate rule prevents district courts from reexamining an issue of law or fact previously decided on appeal, even if such issue was "impliedly decided," which is determined by looking to the appellate court's "opinion and the circumstances it embraces." (Dkt. # 71 at 3–4) (quoting United States v. Hoffman, 70 F.4th 805, 812 (5th Cir. 2023); Lion Elastomers, L.L.C. v. NLRB, 108 F.4th 252, 259 (5th Cir. 2024)). In support, Plaintiff points to the language used by the Fifth Circuit at various points

4

throughout its opinion and the fact that the Fifth Circuit had "'considerable briefing' and evidence before it —not just bare pleadings." (Id. at 4) (citing Dkt. # 44-1 at 6, 22 n.6). Here, Plaintiff argues, the Fifth Circuit looked to both the allegations and record evidence in finding that "'IFS *has* Article III standing,'" as opposed to, "has *sufficiently alleged* Article III standing." (Id. at 7) (emphasis added) (citing Dkt. # 44-1 at 15).

However, as Defendants point out and as relied upon by the Magistrate Judge, the Fifth Circuit also uses language more consistent with a pleading standard at various points throughout its opinion and ultimately issued its opinion under Rule 12 standards. (See Dkt. # 72 at 4–5) (citing Dkt. # 44-1 at 7–10, 21.) The varying language of the Fifth Circuit created ambiguity as to what it meant by "[n]o further factual questions require resolution for the adjudication of its claims." (Dkt. # 44-1 at 21.) It is this ambiguity that leaves the Court unable to say, "with a definite and firm conviction that a mistake has been committed." United States Gypsum Co., 333 U.S. at 395. Further, adjudication on a motion for summary judgment before the parties have completed discovery would belie this Court's general practice and the longstanding principle that a plaintiff must satisfy the standards of proof to show standing according to the evidentiary requirements at each stage of the litigation. Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992). The Court finds this to be especially true in these circumstances

5

where the Plaintiff's motion for summary judgment relies on proffered declarations containing factual statements and statements of intent.  (See Dkt. # 57-2 at 3–5, 6–8, 9–17, 57–59.).  See Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 354–55 (5th Cir. 1989) (requiring discovery first where the plaintiff's proof must come largely from the defendant's ex-directors); Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co., 606 F.2d 602, 609 (5th Cir. 1979) ("Cases in which the underlying issue is one of motivation, intent, or some other subjective fact are particularly inappropriate for summary judgment, as are those in which the issues turn on the credibility of the affiants.") (internal citations omitted).

        Lastly, Plaintiff argues that the Magistrate Judge's Order violates the civil rules by compelling it to respond to premature discovery that was not properly served because it was sent before any Rule 26(f) conference was conducted.  (Dkt. # 71 at 7.)  Because the Defendants' motion to compel was filed prior to the parties' discovery conference, Plaintiff contends that the Motion to Compel should have been held to the good cause standard for a Rule 26(d)(1) motion for early discovery.  (Id. at 9–10.)  In response, Plaintiff again urges that Defendants cannot continue to make this argument while refusing to participate in a Rule 26(f) conference—a matter which was allegedly "fully explored" in the December 1st hearing before Judge Lane.  (Dkt. # 72 at 7.)  After verifying the truth of this representation with Judge Lane's chambers, it is evident that the simplest, albeit

unnecessary, solution is to compel Plaintiff to participate in a Rule 26(f) conference.  The parties have evidently not taken Judge Lane's recommendation to willingly participate in a Rule 26(f) conference without court intervention (Dkt. # 69 at 3 n.2), and Plaintiff itself urges that Defendant "could have asked this Court to compel Plaintiff to participate in a 26(f) conference."  (Dkt. # 71 at 9.)  Therefore, the Court hereby ORDERS Plaintiff to participate in a Rule 26(f) conference with Defendants.  The Court again urges the parties to resolve any reasonable disputes that may arise during production without court intervention, but if they should be unable to do so, any further discovery disputes will be referred to Magistrate Judge Lane for resolution.

## CONCLUSION

Plaintiff has failed to demonstrate that Magistrate Judge Lane's Order Granting Defendants' Motion to Compel was clearly erroneous or contrary to law.  For that reason and the reasons stated above, the Court **AFFIRMS** U.S. Magistrate Judge Lane's Order Granting the Motion to Compel (Dkt. # 69).  The Court further **ORDERS** that the parties participate in a Rule 26(f) conference.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, January 7, 2026.

_____
David Alan Ezra
Senior United States District Judge