UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INSTITUTE FOR FREE SPEECH,<br><br>*Plaintiff*,<br><br>v.<br><br>JAMES TINLEY, in his official capacity as Executive Director of the Texas Ethics Commission, et al.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§  No. 1:23-cv-01370-DAE<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants James Tinley, in his official capacity as the Executive Director of the Texas Ethics Commission, and the Commissioners who have been sued in their representative capacities (collectively, the "Commission"), answers Plaintiff Institute for Free Speech's ("IFS") Complaint (Dkt.1), as follows:

## ANSWER TO INTRODUCTION

With respect to the introduction, the Commission asserts that the contents of the Texas Disciplinary Rules of Professional Conduct speak for themselves, and no further response is required. The Commission denies the allegations about Texas law and Ethics Advisory Opinion No. 580 ("EAO No. 580"), as well as the allegations about a "regulatory regime" that "runs afoul" of constitutional provisions. The Commission lacks sufficient information to admit or deny any remaining allegations in the introduction.

## ANSWER TO JURISDICTION AND VENUE

1.   With respect to paragraph 1, the Commission admits that this Court has subject matter jurisdiction over this matter.

2. The Commission admits that IFS filed this matter initially in the Northern District of Texas, Fort Worth Division and the case was properly transferred to the Western District of Texas, Austin Division. The Commission denies that its Executive Director and Commissioners perform official duties "throughout Texas," or in the Northern District of Texas. The Commission lacks sufficient information to admit or deny the remaining allegations in paragraph 2.

3. The Commission lacks sufficient information to admit or deny the allegations in paragraph 3.

4. The Commission lacks sufficient information to admit or deny the allegations in paragraph 4.

5. The Commission admits that IFS sued the Commission's Executive Director in his official and individual capacity. The Fifth Circuit July 28, 2025 Opinion dismissed IFS's claims against the Commission's Executive Director in his individual capacity. The Commission denies the remaining allegations in paragraph 5.

6. The Commission admits that IFS sued the cited Commissioners in their official capacities. The Commission admits that it has the powers and responsibilities granted to it under the Texas Constitution and laws. The Commission denies the remaining allegations in paragraph 6.

7. The Commission admits that IFS sued the cited Commissioners in their official and individual capacities. The Fifth Circuit July 28, 2025 Opinion dismissed IFS's claims against the cited Commissioners in their individual capacities. The Commission denies the remaining allegations in paragraph 7.

8. The Commission admits that it has the powers and responsibilities granted to it under the Texas Constitution and laws. The Commission denies any remaining allegations in paragraph 8.

9. With respect to paragraph 9, the contents of the cited statute speak for themselves, and no further response is required.

10. With respect to paragraph 10, the contents of the cited statute speak for themselves, and no further response is required.

11. There is no paragraph 11.

12. With respect to paragraph 12, the contents of the cited statute speak for themselves, and no further response is required.

13. The Commission lacks sufficient information to admit or deny the allegations in paragraph 13.

14. The Commission lacks sufficient information to admit or deny the allegations in paragraph 14.

15. The Commission admits that IFS sought an advisory opinion. The Commission denies all other allegations in paragraph 15.

16. The Commission lacks sufficient information to admit or deny the allegations contained in paragraph 16.

17. The Commission admits that IFS sought an advisory opinion. The Commission lacks sufficient information to admit or deny the remaining allegations in paragraph 17.

18. The Commission admits that IFS sought an advisory opinion and submitted the request on the date cited. The request for an advisory opinion speaks for itself, and no further

response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 18.

19. The Commission admits it issued a Draft Advisory Opinion No. AOR-660 ("AOR-660") on the date cited. The draft advisory opinion speaks for itself, and no further response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 19.

20. The Commission admits that it discussed the draft advisory opinion at a meeting on the date cited. The contents of that public meeting speak for themselves, and no further response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 20.

21. The Commission admits that the Institute for Justice and American Civil Liberties Union of Texas submitted letters on the draft advisory opinion. The contents of those letters speak for themselves, and no further response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 21.

22. The Commission admits that it issued a revised draft of AOR-660 at the cited meeting. The contents of that public meeting speak for themselves, and no further response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 22.

23. The Commission admits that it conducted a meeting on the date cited. The contents of that public meeting speak for themselves, and no further response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 23.

24. The Commission admits that it conducted a meeting on the date cited. The contents of that public meeting speak for themselves, and no further response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 24.

25. The Commission admits that it issued a revised draft of AOR-660 at the cited meeting. The contents of that public meeting speak for themselves, and no further response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 25.

26. The Commission admits that it conducted a meeting on the date cited. The contents of that public meeting speak for themselves, and no further response is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 26.

27. The Commission admits that it adopted EAO No. 580 at the cited meeting. The contents of that public meeting speak for themselves, and no further answer is required. To the extent necessary, the Commission denies any remaining allegations in paragraph 27.

28. With respect to paragraph 28, the contents of the cited opinion speak for themselves, and no further response is required.

29. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 29.

30. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 30.

31. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 31.

32. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 32.

33. The cited provision of Texas law speaks for itself, and no further answer is required. To the extent necessary, the Commission denies any remaining allegations in Paragraph 33.

34. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 34.

35. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 35.

36. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 36.

37. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 37.

38. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 38.

39. The Commission admits that the Texas Anti-Communist League filed a campaign treasurer appointment for a General Purpose Committee in Texas. The Commission lacks sufficient information to admit or deny the remaining allegations in paragraph 39.

40. The Commission admits that the Texas Anti-Communist League included the cited information in its campaign treasurer appointment for a General Purpose Committee. The Commission lacks sufficient information to admit or deny the remaining allegations in paragraph 39 admits the allegations in Paragraph 40.

41. The Commission admits that the Texas Anti-Communist League included the cited information in its campaign treasurer appointment for a General Purpose Committee. The Commission admits that Benbrook, Texas and Fort, Worth Texas are located in Tarrant County.

The Commission lacks sufficient information to admit or deny the remaining allegations in paragraph 41.

42. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 42.

43. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 43.

44. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 44.

45. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 45.

46. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 46.

47. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 47.

48. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 48.

49. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 49.

50. The Commission lacks sufficient information to admit or deny the allegations in Paragraph 50.

51. The Commission denies the allegations in Paragraph 51.

52. With respect to paragraph 52, the Commission realleges and incorporates by reference the above responses.

53. With respect to paragraph 53, the contents of the First Amendment and case authority interpreting those contents speak for themselves, and no further response is required.

54. With respect to paragraph 54, the contents of the First Amendment and case authority interpreting those contents speak for themselves, and no further response is required.

55. The Commission denies the allegations in paragraph 55.

56. The Commission denies the allegations in paragraph 56.

57. The Commission denies the allegations in paragraph 57.

58. The Commission denies the allegations in paragraph 58.

59. With respect to paragraph 59, the Commission realleges and incorporates by reference the above responses.

60. With respect to paragraph 60, the contents of the First Amendment and case authority interpreting those contents speak for themselves, and no further response is required.

61. The Commission denies the allegations in paragraph 61.

62. The Commission denies the allegations in paragraph 62.

63. With respect to paragraph 63, the Commission realleges and incorporates by reference the above responses.

64. With respect to paragraph 64, the contents of the First and Fourteenth Amendments and case authority interpreting those contents speak for themselves, and no further response is required.

65. The Commission denies the allegations in paragraph 65.

66. The Commission denies the allegations in paragraph 66.

67. The Commission denies the allegations in paragraph 67.

68. The Commission denies the allegations in paragraph 68.

69. With respect to paragraph 69, the Commission realleges and incorporates by reference the above responses.

70. With respect to paragraph 70, the contents of the cited constitutional provision and case authority interpreting those comments speak for themselves, and no further response is required.

71. With respect to paragraph 71, the contents of the cited statute and case authority interpreting those contents speak for themselves, and no further response is required.

72. With respect to paragraph 72, the contents of the cited statute and case authority interpreting those contents speak for themselves, and no further response is required.

73. The Commission denies the allegations in paragraph 73.

74. The Commission denies the allegations in paragraph 74.

75. The Commission denies the allegations in paragraph 75.

## AFFIRMATIVE AND OTHER DEFENSES

The Commission asserts the following:

1. IFS's remaining claims are barred by principals of sovereign immunity.

2. To the extent that IFS seeks any monetary relief, it has failed to mitigate any claimed damages.

3. To the extent that IFS seeks any monetary relief, the Commission acted at all times in good faith, and in compliance with state law.

4. Any and all claims made against Commissioners in their individual capacities are barred by qualified immunity.

## CONCLUSION AND REQUEST FOR RELIEF

The Commission requests that IFS take nothing on its claims and requests all such other and further relief to which it may show itself to be entitled.

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
eric.nichols@butlersnow.com
Roshni Mahendru
State Bar No. 24138224
roshni.mahendru@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on January 29, 2026, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols