UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INSTITUTE FOR FREE SPEECH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 1:23-cv-01370-DAE |
| | § | |
| JAMES TINLEY, in his official capacity as | § | |
| Executive Director of the Texas Ethics | § | |
| Commission, et al., | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' DESIGNATION OF TESTIFYING EXPERT WITNESSES

Defendant James Tinley, in his official capacity as Executive Director of the Texas Ethics Commission, and the Commissioners who have been sued in their representative capacities (collectively, the "Commission"), in accordance with the Court's Scheduling Order and agreement of the parties, hereby identifies and designates the following expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). The documents produced in connection with this designation can be found in this link:

2026.06.05 Expert Designation

Password: mQ!9|(2<`0?J

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*
  Eric J.R. Nichols
  State Bar No. 14994900
  eric.nichols@butlersnow.com
  Roshni Mahendru
  State Bar No. 24138224
  roshni.mahendru@butlersnow.com
  1400 Lavaca Street, Suite 1000

Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, a true and correct copy of the foregoing document was served on all counsel of record by email:

Endel Kolde
dkolde@ifs.org
Nathan J Ristuccia
nristuccia@ifs.org
INSTITUTE FOR FREE SPEECH
1150 Connecticut Avenue
NW Suite 801
Washington, D.C. 20036

Tony McDonald
tony@tonymcdonald.com
The Law Offices of Tony McDonald,
1308 Ranchers Legacy Trail
Fort Worth, TX 76126

*/s/ Roshni Mahendru*
Roshni Mahendru

## DEFENDANTS' DESIGNATION OF TESTIFYING EXPERT WITNESSES

### I.    EXPERT WITNESSES

Defendants may use the following persons at trial to present evidence under Federal Rule of Evidence 702, 703, and/or 705.

### A.    Retained Experts

**1. Andrew Stewart Cates**
20210 Silver Stream
San Antonio, Texas 78259

Andrew Stewart Cates may offer opinions at trial concerning the matters discussed in his report in this case, which is being served on counsel for Plaintiff as **Exhibit A.** As reflected in his report, Mr. Cates is being compensated at a rate of $450 per hour. Mr. Cates' curriculum vitae is attached hereto as **Exhibit B**. His testimony will concern the following matters, among others:

Mr. Cates may testify regarding his experience, expertise, education, knowledge, and training. Mr. Cates is a political ethics lawyer, public affairs expert, and legislative specialist with nearly two decades of experience in the government and private sector.

Mr. Cates may testify regarding his review, analysis, and opinions of the records, and other evidence in this case.  Mr. Cates may testify as to his expert opinions regarding Plaintiff's claims.

Mr. Cates will testify to the opinions and conclusions contained in his report and may supplement his opinions upon review of any additional expert reports, depositions, and/or discovery materials as they become available. He will testify consistently with his review of the evidence, his report, and his professional judgment based on his education and experience.

In addition to the foregoing listed expert witnesses, Defendants reserve the right to elicit opinion testimony from any experts designated by any other party to this case. This reservation by Defendants shall not be construed as a stipulation to the qualifications of, opinions of, or methodology used by other parties' experts, nor shall it prevent or limit in any way Defendants' rights to challenge the qualifications of, opinions of, or methodology used by other experts.

Defendants reserve the right to designate additional experts or rebuttal experts upon any further disclosures by Plaintiff regarding his expert(s) testimony.

Defendants reserve the right to designate additional expert witnesses, supplement, and/or amend this designation, and to respond to the proposed or anticipated testimony of any expert who

may be designated by any other party to this case and whose identity was not previously disclosed or whose opinions have not been adequately disclosed by Plaintiff.

Defendants also reserve the right to elicit expert testimony from expert witnesses and fact witnesses later identified and discovered by any and all parties hereto, preserving the right to supplement these disclosures as additional discovery is conducted or additional issues requiring expert testimony may arise.

Defendants reserve the right to supplement these disclosures as necessary and as permitted and set forth in the Federal Rules of Civil Procedure.